| | |
|---|---|
| 1 | STEVEN M. WOODSIDE, COUNTY COUNSEL |
|   | Steven M. Perl, SBN 100074 |
| 2 | 3501 Civic Center Drive, Room 275 |
|   | San Rafael, CA 94903 |
| 3 | Tel.: (415) 499-6117, Fax: (415) 499-3796 |
| 4 | Attorneys for Defendants |
|   | Edward S. Berberian, Leon Kousharian |
| 5 | |

U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John A. Olagues, | Case No.: CV 14-0818 WHA |
| Plaintiff, | NOTICE OF DEFENDANTS EDWARD S. BERBERIAN AND LEON KOUSHARIAN'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP 12 (b)(6)] |
| v. | |
| Edward S. Berberian, DA Marin County, Marin County Counsel, Attorney Leon Kousharian, Investigator Patricia Stafford, Peggy Bennington, California Attorney General, FBI, Jefferson Parish Sheriff, Jefferson Parish DA, New Orleans DA, et al., | |
| | DATE:  5/22/14 |
| | TIME:  8:00 a.m. |
| | COURTROOM:  8, 19TH FLOOR |
| | JUDGE:  HON. WILLIAM H. ALSOP |
| Defendants. | COMPLAINT FILED:  2/21/14 |
| | TRIAL DATE:  NOT SET |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Thursday, May 22, 2014, at 8:00 a.m., or as soon thereafter as counsel may be heard, before the Hon. William H. Alsop in Courtroom 8, 19th floor, of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California, 94102, defendants Edward S. Berberian and Leon Kousharian will move the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The relief moving parties seek is an order dismissing plaintiff's Complaint against each of them, without leave to amend, on the basis that the Complaint fails to state a claim upon which relief may be granted. The grounds for the motion are that the Complaint fails to allege any cognizable legal theory or facts sufficient to support any cognizable legal theory.

The motion to dismiss is based upon this Notice, the attached Memorandum of Points and

Authorities, the Request for Judicial Notice served and filed herewith, the papers and pleadings on file herein, and upon such other matters as may be presented to the court at the time of the hearing.

DATE: March___, 2014                              STEVEN M. WOODSIDE, COUNTY COUNSEL

_/s/_____
Steven M. Perl, Deputy

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF ISSUES

Plaintiff's Complaint, filed in pro per, is entitled "Petition for Declaratory Judgment." Plaintiff requests that this court make certain "declarations" regarding his conviction in 2005 after a jury at trial in the Marin County Superior Court found him guilty of California Penal Code violations. Plaintiff names, among other defendants, Edward S. Berberian (the Marin County District Attorney), and Leon Kousharian, the Marin County Deputy District Attorney who represented the People of the State of California in the criminal proceedings against plaintiff. Plaintiff, however, alleges no legal theory against the defendants, or any facts which support any legal theory.

The issues presented by this motion are as follows:

1)    Does plaintiff allege any cognizable legal theory?

2)    Does plaintiff allege facts sufficient to support any cognizable legal theory?

Moving defendants respectfully submit that this court should resolve each of these issues in their favor and dismiss the Complaint against each of them, without leave to amend.

### II.  STATEMENT OF FACTS

This is at least plaintiff John Olagues' ninth civil lawsuit arising out of his conviction for his 2003 child abduction, when he fled California with his two daughters. After the children were recovered and returned to their mother (Olagues' ex-wife) Charlotte Jensen, Olagues was convicted by a jury in the Marin County Superior Court in 2005, in Marin County Superior Court action number SC-130753A, of violating California Penal Code §278.5 (child abduction). (See Reporter's Partial Transcript of Proceedings, 6/21/05 and 11/4/05 Minute Order from that action, attached by plaintiff as Exhibits 9 and 10, respectively, to his Complaint herein, and additional documents from the Marin County Superior Court file in that action attached to the Request for Judicial Notice served and filed herewith (RJN) as

Exhibit A.)

In 2003 and 2004, Olagues filed his first and second suits against these defendants in federal court, the Eastern District of Louisiana, where the suits were combined, and were dismissed for lack of personal jurisdiction. In its April, 2004 dismissal order, the Louisiana District Court stated that Olagues' claims were without merit. (See RJN, Exhibit B.) Undeterred, Olagues re-filed in this court in June, 2004 (U.S. District Court, Northern District of CA Case # C 04 2344 EDL). All defendants in that case prevailed in a motion to dismiss based upon the lack of merit in his claims. Olagues appealed to the Ninth Circuit, and subsequently lost. (See RJN, Exhibit C.)

Following his child abduction conviction in Marin County Superior Court in 2005, in December, 2005 Olagues filed a fourth civil lawsuit against these defendants and others in Louisiana state court, entitled the same as his current suit in this court, "Petition for Declaratory Judgment." Again defendants herein, Kousharian and former Marin District Attorney investigator Stafford, were dismissed from the action, based upon lack of personal jurisdiction. (See RJN, Exhibit D.)

In March, 2006, Olagues then filed a fifth lawsuit in Marin County Superior Court arising out of the same facts. On June 13, 2006, the Marin County Superior Court sustained defendants' demurrer in that action without leave to amend. (See RJN, Exhibit E.)

In an attempt to circumvent that June 13, 2006 Marin Superior Court order, plaintiff immediately filed his sixth and seventh lawsuits, both again in in the Marin County Superior Court, on June 16, 2006 and August 15, 2006, essentially duplicating the allegations of his fifth suit. (See RJN, Exhibits F and G.) In the latter of these two actions, the Marin County Superior Court issued its January 12, 2007 Order sustaining defendant's demurrer without leave to amend, and declaring plaintiff a vexatious litigant under California Code of Civil Procedure §391(b). That Order precludes plaintiff, pursuant to California Code of Civil Procedure §391.7, from filing any further in pro per actions in the courts of the State of California without first obtaining leave of the presiding judge. (See RJN, Exhibit G.)

Plaintiff remained undeterred from his vexatious litigation. Since he is now precluded from filing in California state court, he returned to federal court in Louisiana, filing his eighth civil lawsuit, another action in the U.S. District Court, ED LA. That District Court issued its 2009 Order Dismissing plaintiff's action. In its ruling, the Louisiana District Court further entered an Order similar to the

1  Marin County Superior Court's January, 2007 vexatious litigant order, ordering that Olagues cannot file
2  any further actions in the U.S. District Court, ED LA, without permission of a judge of that court.  (See
3  RJN, Exhibit H.)
4        Plaintiff attempted to file a ninth lawsuit, again in the Louisiana federal court.  However, that
5  court, in a 2012 Order, denied plaintiff permission to file a "Petition for Declaratory Judgment and a
6  Demand for an Injunction," based on the preclusion of that court's prior 2009 Order.  (See RJN, Exhibit
7  I.)
8        Since he is precluded from filing any more lawsuits in California state or Louisiana federal court,
9  plaintiff has now returned once again to this court to file at least his ninth civil action in connection with
10  the same issues.  He is asking this court to issue "declarations" re-writing history, declaring that he was
11  never convicted of child abduction for violating California Penal Code §278.5, when in fact he was, and
12  that the facts on which the jury based its conviction did not occur.  Plaintiff asserts no legal theory
13  against the defendants herein, or any facts supporting any legal theory.  This court should therefore grant
14  defendants' motion to dismiss, without leave to amend.

15  III.  THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

16        In order to state a claim upon which relief may be granted, a Complaint "must contain …a short
17  and plain statement of the claim showing that the pleader is entitled to relief." (Fed. Rules Civ. Pro.,
18  Rule 8(a)(2).  For purposed of a Rule 12(b)(6) motion, this statement of the claim must be a set of facts
19  that, if  established, entitle plaintiff to relief.  (*Bell Atlantic Corp. v. Twombley,* 550 U.S. 544, 555; see
20  fn. 3 (2007).)  Plaintiff would be required to plead the elements of a legal theory in order to state a claim
21  upon which relief may be granted.  (*Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).)  The court should
22  grant a Rule 12(b)(6) motion to dismiss when the Complaint fails to allege a "cognizable legal theory"
23  or facts sufficient "to support a cognizable legal theory."  (*Shroyer v. New Cingular Wireless Services,*
24  *Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010).)
25        Plaintiff's Complaint is completely devoid of any allegations constituting a legal theory against
26  defendants or allegations of any facts supporting any legal theory.  This court should not allow this
27  vexatious litigant, who has been precluded from filing any more actions in California state or Louisiana
28  federal court, to proceed again in this court with this ninth civil action against these defendants, seeking

1 | to re-write history.   There is no potential basis for any cognizable legal theory against defendants.
2 | Defendant therefore respect that this court grant their motion to dismiss under Federal Rules of Civil
3 | Procedure, Rule 12(b)(6), without leave to amend.

DATE:  March____ ,2014                           STEVEN M. WOODSIDE, COUNTY COUNSEL

                                                 _/s/_____
                                                   Steven M. Perl, Deputy