IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John A. Olagues,<br><br>    Plaintiff,<br><br>v.<br><br>Marin District Attorney, et al.,<br><br>    Defendants.<br>_____ / | No. C 14-00818 JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION REGARDING FUTURE FILINGS** |

Now before the Court are the motions to dismiss filed by defendants Edward S. Berberian, the Marin County District Attorney, and Leon Kousharian, a Marin County Deputy District Attorney (collectively, the "Marin Defendants"), by Kamala D. Harris, the Attorney General of California ("California AG"), and by Jefferson Parish District Attorney Paul Connick ("Jefferson Parish DA") and the motion by the Marin Defendants regarding future filings.[1] The Court finds that these matters are appropriate for disposition without oral argument and are deemed submitted. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for August 1, 2014 is hereby VACATED. Having carefully reviewed the parties' papers,

---

[1] Plaintiff John A. Olagues ("Olagues") also filed a motion for sanctions against the Jefferson Parish DA. However, this motion is procedurally improper. Olagues failed to notice this motion for a hearing date. Moreover, and more significantly, a motion for sanctions under Federal Rule of Civil Procedure may not be filed or presented to the Court until at least twenty-one days after service on the opposing party. *See* Fed. R. Civ. P. 11(c)(2). Olagues does not state that he complied with this prerequisite. Accordingly, the Court STRIKES the motion for sanctions.

1 considered their arguments and the relevant legal authority, the Court hereby grants

2 Defendants' motions to dismiss and the Marin Defendants' motion regarding future filings.[2]

## BACKGROUND

This is yet another lawsuit by Olagues is challenging events that first occurred in 2003. This Court heard a civil action filed by Olagues filed in 2004 and a habeas petition filed by Olagues in 2007 to challenge his conviction related to the events alleged in the 2004 civil action. None of Olagues' claims raised in these prior lawsuits have been found meritorious by a court. In this instant action, Olagues seeks a declaration from the Court that he was never convicted of a crime, that it should be determined that it is as if he was never prosecuted, that he was not a fugitive because he did not commit any crime in California, that he was never sentenced, and that the Federal Bureau of Investigation ("FBI") should declare that all of his rights related to any criminal conviction have been restored. Olagues initially sought declarations regarding the custody of his children, but later "withdrew" those requests. (Docket No. 60.)

The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.    Applicable Legal Standards.**

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Courts may consider evidence presented in affidavits to assist in its determination and may order discovery on jurisdictional issues. *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). However, when "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss . . . That is, the plaintiff need only

---

[2] The Court GRANTS Defendants' request for judicial notice ("RJN"). *See* Fed. R. Evid. 201. The Court GRANTS Olagues' request for judicial notice filed on April 16, 2014 as to exhibits 1, 2, and 9 and DENIES the remainder of his request. The Court DENIES Olagues' requests for judicial notice filed on May 19, 2014 and on June 12, 2014.

2

demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (holding that where the trial court ruled on jurisdictional issue based on affidavits and without holding an evidentiary hearing, plaintiff need only make a prima facie showing). Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588. Likewise, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *See Schwarzenegger*, 374 F.3d at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. *See International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Lastly, the maintenance of an action in the forum must not offend traditional conceptions of fair play and substantial justice. *See International Shoe*, 326 U.S. at 320.

Whether a party's contacts with the forum are sufficient to permit the state to exercise jurisdiction depends upon the particular facts of each case. *Thos P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1251 (9th Cir. 1980). For specific jurisdiction, "the issue of whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc*, 557 F.2d at 1287; *see also Calder v. Jones*, 465 U.S. 783, 788 (1984) ("In judging minimum contacts, a

3

court properly focuses on the relationship among the defendant, the forum, and the litigation.") (internal quotations and citation omitted).

Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or in the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (internal quotations and citations omitted).

When a defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: cases involving diversity of citizenship, or those cases involving a federal question, or where the United States is a party. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, as is the case here, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996).

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court construes the

4

allegations in the complaint in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must limit its review to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). In addition, the Court may take judicial notice of facts that are not subject to reasonable dispute. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* Moreover, "[t]he

court need not ... accept as true allegations that contradict matters properly subject to judicial notice...." *Id*. at 989.

**B.     California AG's Motion to Dismiss.**

The California AG moves to dismiss Olagues' complaint on multiple grounds, including that Olagues' claims are barred by the *Rooker-Feldman* Doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker–Feldman* doctrine provides that district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.  *See*, *e.g.*, *Feldman*, 460 U.S. at 487–87; *Rooker*, 263 U.S. at 415; *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995).  "The purpose of the doctrine is to protect state judgments from collateral federal attack.  Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'"  *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n. 16).  Where "the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined."  *Id*. (citations omitted).  In such a case, the district court must not exercise jurisdiction to review the ruling of a state court.

Here, the declarations that Olagues seeks would require this Court to review the underlying criminal proceedings in Marin County and to declare that the state court was wrong.  Accordingly, this Court lacks subject matter jurisdiction over Olagues' claims and, thus, grants the California AG's motion to dismiss.

**C.     Jefferson Parish DA's Motion to Dismiss.**

The Jefferson Parish DA moves to dismiss on numerous grounds, including that personal jurisdiction is lacking.  The Court agrees.  To the extent Olagues' complaint contains any claims, none of them involve any conduct by the Jefferson Parish DA, let alone any conduct by the Jefferson Parish DA in California sufficient to establish minimum contacts required for specific jurisdiction.  Olagues is seeking to contest the criminal proceedings against him in

6

Marin County, California and the consequences from the results of those proceedings. Accordingly, the Court grants the Jefferson Parish DA's motion to dismiss.

**D.     The Marin Defendants' Motion to Dismiss.**

The Marin Defendants move to dismiss the complaint on the grounds that Olagues fails to state a claim. As the Marin Defendants argue, the complaint is devoid of any allegations that would be sufficient to constitute a valid legal claim against the Marin Defendants. Accordingly, the Court grants the Marin Defendants' motion to dismiss. Moreover, because as discussed above, Olagues is seeking to contest the criminal proceedings against him in Marin County, any such claims he would bring would be barred by the *Rooker-Feldman* Doctrine. Accordingly, granting leave to amend would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**E.     The Marin Defendants' Motion Regarding Future Filings.**

The Marin Defendants also move to have Oloagues declared a vexatious litigant and enjoin him from future filings relating to his arrest and prosecution in Marin County Superior Court without first obtaining leave of court pursuant to 28 U.S.C. § 1651(a). "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigations. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted). Before it grants a request for a pre-filing review order, a court should: (1) give the litigant adequate notice and an opportunity to be heard; (2) compile an adequate record for review; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) narrowly tailor the order "to closely fit the specific vice encountered." *Id.* (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1145-48 (9th Cir. 1990)).

**1.     Notice and Opportunity to Be Heard on the Motion.**

Pursuant to *Molski* and *DeLong*, before a party can be declared a vexatious litigant, that party must have notice and an opportunity to be heard. The Marin Defendants' motion provided Olagues with notice of the basis of the request to declare him a vexatious litigant.

7

1  Olagues had ample time to, and did, file a written opposition to the motion. Thus, Olagues had
2  an adequate opportunity to be heard on the motion. *See Molski*, 500 F.3d at 1058-59 ("Molski
3  had fair notice of the possibility that he might be declared a vexatious litigant ... because the
4  district court's order was prompted by a motion filed by the defendants and served on Molski's
5  counsel. Also, Molski had the opportunity to oppose the motion, both in writing and at a
6  hearing."); *cf. Pacific Capital Harbor, Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th
7  Cir. 2000) (imposing sanctions against attorney and holding that evidentiary and oral hearing is
8  not necessary to satisfy "opportunity to be heard" requirement).

### 2. Record for Review.

The second requirement under *Molski* and *DeLong* is that a court compile an adequate record for review, *i.e.* "a listing of all the cases and motions that lead the district court to conclude that a vexatious litigant order was needed." *Molski*, 500 F.3d at 1059 (quoting *DeLong*, 912 F.2d at 1147). As stated above, Olagues has filed multiple lawsuits relating to the same underlying events.

On July 21, 2003, Judge Adams of the Superior Court of California for the County of Marin issued an Order to Show Cause for modification of child custody and visitation and granted District Attorney Investigator Patricia Stafford ("Stafford") temporary physical and legal custody of the two minor children of Olagues and Charlotte Jensen ("Jensen") pursuant to California Family Code § 3133. (Marin Defendants' RJN, Ex. A.) On July 22, 2003, the Superior Court of California for the County of Marin issued a warrant to arrest Olagues for a felony pursuant to California Penal Code § 278.5(a). (*Id.*) On June 21, 2005, Olagues was found guilty of violating California Penal Code § 278.5(a). (*Id.*))

On December 4, 2003, Olagues filed an action in the Eastern District of Lousiana against Marin County, Stafford and Kousharian, among others, alleging that the defendants illegally seized his children. (Marin Defendants' RJN, Ex. B.) Olagues filed a similar lawsuit in state court in Louisiana, which was subsequently removed to federal district court. (*Id.*) These two cases were consolidated and then dismissed. (*Id.*) Olagues appealed the order of dismissal, but then failed to prosecute his appeal. (*Id.*)

8

Next Olagues filed a civil action in this Court on June 15, 2004 against Marin County, Stafford and Leon Kousharian, among others. (Marin Defendants' RJN, Ex. C.) Olagues again alleged that defendants illegally seized his children. Olagues alleged that his due process rights under the Fourteenth Amendment of the United States Constitution were violated when his children were removed from him without notice or a hearing. The Court found that upon review of prior New Zealand Orders, Olagues' custody rights were restricted and that he violated the prior New Zealand Orders when he took the children to Louisiana and when he kept them beyond July 18, 2003. Therefore, Olagues could not allege a protectible interest and thus, was not entitled to prior notice or a hearing. Therefore, the Court dismissed his claims based on deprivation of procedural due process. Olagues also brough a claim for false arrest and imprisonment under 42 U.S.C. § 1983. The Court found that the defendants were entitled to qualified immunity and thus dismissed this claim. Olagues also sought to enjoin the criminal prosecution against him in Marin and his possible extradition from Louisiana. The Court refrained from adjudicating these claims pursuant to the *Younger* doctrine barring federal courts from enjoining pending state criminal prosecutions. *See Younger v. Harris*, 401 U.S. 37 (1971). (*Id*.) Olagues appealed the order dismissing the action, but the Ninth Circuit affirmed the Court's order. (*Id*.)

On December 1, 2005, Olagues filed an action for declaratory relief in Louisiana state court regarding the custody of his children. (Marin Defendants' RJN, Ex. D.) The court dismissed this action for lack of personal jurisdiction. (*Id.*)

On March 27, 2006, Olagues filed another action against Kousharian and Stafford in state court in the County of Marin. (Marin Defendants' RJN, Ex. E.) Olagues sued for interference with his custody rights and for "fraud on the court." The court dismissed Olagues' complaint against Kousharian and Stafford without leave to amend based on his failure to file his claim against the public entity employer pursuant to the procedure for claims against public entities. (*Id.*)

9

On June 16, 2006, Olagues filed a complaint for a temporary restraining order against Kousharian and Stafford in state court in the County of Marin. (Marin Defendants' RJN, Ex. F.) Olagues alleged that the defendants were making fraudulent statements in court. (*Id.*)

On August 15, 2006, Olagues filed another action in state court in the County of Marin against Kousharian and Stafford. Olagues sued for interference with his custody rights and for "fraud on the court." (Marin Defendants' RJN, Ex. G.) The court dismissed the complaint and declared Plaintiff a vexatious litigant. (*Id.*)

In 2007, Olagues filed a petition for writ of habeas corpus in this Court challenging his conviction in 2005 of California Penal Code § 278.5(a). (California AG's RJN, Ex. 2.) The Court denied Olagues' claim and entered judgment against him. (*Id.*, Exs. 2, 3.)

In 2007, Olagues filed an action in the Eastern District of Louisiana against an assistant attorney general for the Louisiana Department of Justice and a deputy with the Jefferson Parish Sheriff's Office, alleging that his arrest and attempts to extradite him to California were violations of his constitutional rights. (Jefferson Parish DA's RJN, Ex. B.) He alleged that the defendants should have known that the arrest warrants from California were fraudulent, that he was not a fugitive, and that he had not been charged with a crime. (*Id.*) The court held that his attempts to undermine his conviction in California was barred by *Heck v. Humphrey*, 114 S.Ct. 2364 (1994) and thus dismissed Olagues' complaint. (*Id.*)

Olagues then filed another action in the Eastern District of Louisiana in 2007 that was nearly identical to the action he filed there in 2003. (Jefferson Parish DA's RJN, Ex. C.) The court dismissed his claims against Kousharian and Stafford because they were barred by *res judicata*. (*Id.*)

On March 18, 2009, Olagues filed an action in the Eastern District of Louisiana against defendants in the Jefferson Parish Sheriff's Department, the Jefferson Parish District Attorney's Office, and a Federal Bureau of Investigations Special Agent. (Marin Defendants' RJN, Ex. H.) Olagues alleged that he was never a fugitive and that he was never convicted of a crime. (Jefferson Parish DA's RJN, Ex. D.) The court dismissed the action as frivolous and ordered that Olagues shall not file any further lawsuits related to the subject matter in the previously-

1 filed frivolous and duplicative lawsuits without first obtaining leave of court.  (Marin
2 Defendants' RJN, Ex. H.)  Olagues then requested leave, but was denied, to file a petition for
3 declaratory judgment.  (Marin Defendants' RJN, Ex. I.)

4 The Court has considered the requests for judicial notice, which provides the listing, set
5 forth above, of Olagues' prior actions.  The Court concludes that there is an adequate record for
6 review.

### 3. The Frivolous or Harassing Nature of Olagues' Actions.

8 "The third factor set forth by *De Long* gets to the heart of the vexatious litigant analysis,
9 inquiring whether the district court made substantive findings as to the frivolous or harassing
10 nature of the litigant's actions."  *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148,
11 in turn quoting *In re Powell,* 851 F.2d 427, 431 (D.C. Cir. 1988)) (internal quotation marks
12 omitted).  In order to make this determination, the Court looks at the number of filings as well
13 as the content of those filings.  *Id.* (citing *DeLong,* 912 F.2d at 1148; *Powell,* 851 F.2d at 431).
14 "'An injunction cannot issue merely upon a showing of litigiousness.  The plaintiff's claims
15 must not only be numerous, but also be patently without merit.'"  *Id.* (quoting *Moy v. United*
16 *States,* 906 F.2d 467, 470 (9th Cir. 1990).

17 Olagues appears to be undeterred by courts dismissing his claims.  He has filed
18 numerous lawsuits contesting the custody of his children and his related arrest and conviction.
19 He continues to maintain that he has never been convicted of a crime.  In his opposition to the
20 motion to be declared a vexatious litigant, Olagues continues to argue that Kousharian and
21 Stafford have committed "fraud on the courts" and that none of his requested relief has ever
22 been ruled against.  The documents before this Court demonstrate that Olagues was convicted
23 of a crime.  He appealed that conviction and filed a habeas petition challenging it, both of which
24 were denied.  He has filed multiple civil lawsuits challenging his arrest, extradition, and
25 conviction, all of which have been dismissed.  Yet, Olagues unabatedly continues to maintain
26 that he was not convicted.

11

The Court has carefully considered the materials submitted documenting the number and nature of Olagues' prior filings, and it concludes that Olagues is more than just litigious. Rather, his conduct has become harassing and his claims are frivolous.

### 4. Narrowly Tailored Order.

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. The Marin Defendants ask that the Court require Olagues to obtain leave of court before filing any further actions in any United States federal court relating to his arrest and prosecution in Marin County. The two federal districts in which Olagues has filed actions relating to his arrest and prosecution in Marin County are the Eastern District of Louisiana and this district. The United States District Court for the Eastern District of Louisiana has already entered an order declaring Olagues a vexatious litigant. Therefore, the Court will limit its prefiling order to this district. With this limitation, the court finds that the request by the Marin Defendants is appropriate and narrowly tailored to Olagues' wrongful behavior. Accordingly, the Court grants the motion to declare Olagues a vexatious litigant and to require him to obtain leave of court before filing any further actions in the Northern District of California relating to his arrest and prosecution in Marin County, California.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the defendants' motions to dismiss without leave to amend and grants the Marin County Defendants' motion to declare Olagues a vexatious litigant. The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Olagues relating to his arrest and prosecution in Marin County. If Olagues wishes to file a complaint, he must submit a copy of his proposed complaint, a letter requesting that the complaint be filed, and a copy of this Order, to the Clerk of this Court. The Clerk shall then forward the letter, the complaint, and a copy of this Order to the General Duty Judge for a

///

///

///

determination whether the complaint should be accepted for filing. Any action filed in contravention of this Order will be subject to dismissal.

**IT IS SO ORDERED.**

Dated: July 23, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN OLAGUES,

        Plaintiff,

  v.

MARIN DISTRICT ATTORNEY et al,

        Defendant.

Case Number: CV14-00818 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Olagues
136 South Cortez St
New Orleans, LA 70123

Dated: July 23, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk